**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JACQUELINE BASTNAGEL, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-3541 |
| | § | |
| STATE FARM LLOYDS, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Jacqueline Bastnagel filed this insurance dispute in Texas state court on April 28, 2025 from beyond the grave. [1] ECF 1-2. Defendant removed the case to this federal court based on diversity subject matter jurisdiction. ECF 1. Now before the Court is Defendant's Motion to Dismiss Plaintiff's Claims under Rules 12(b)(1) and 12(b)(6). ECF 12. The Motion to Dismiss has been fully briefed and is ripe for disposition. ECF 12; ECF 13; ECF 15. Having considered the parties' submissions and the law, the Court recommends that Defendant's Motion to Dismiss be GRANTED.

### I.    Background

Jacqueline Bastnagel filed a claim under her homeowner policy with Defendant State Farm (Policy) for water damage to her condo in Houston, Texas

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 16.

(Property) that occurred on September 20, 2024. ECF 1-2 at 5. She filed a lawsuit in Texas State Court on April 28, 2025, which was later removed to federal court by State Farm on the basis of diversity jurisdiction. However, Jacqueline Bastnagel died on January 2, 2025, before her counsel filed this lawsuit. ECF 14-1.

On February 15, 2025, Bastnagel's counsel sent a formal demand letter for $87,175.95 for covered damages and $10,000 for attorney's and also invoked the Policy's appraisal clause. *Id.* at 6. State Farm did not pay and Bastnagel, through counsel, initiated this lawsuit in Texas state court, asserting claims for violation of the Texas Insurance Code, the Texas Prompt Payment of Claim Act, Breach of Contract, and common law violations of the duty of good faith and fair dealing. *Id.* at 8-14. Defendant moves to dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). ECF 12. At the time of filing Plaintiff's Response, Plaintiff's counsel finally filed a Suggestion of Death. ECF 14. Because the Rule 12(b)(1) motion is dispositive, the Court does not address Rule 12(b)(6).

## II.    Rule 12(b)(1) Standards

When subject matter jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The Court may consider any of

the following in resolving a Rule 12(b)(1) motion: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Hopkins v. Wayside Schs.*, No. 23-50600, 2024 WL 3738478, at *4 (5th Cir. Aug. 9, 2024); *Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018). When a Defendant files a motion under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.*

### III.   Analysis

The Fifth Circuit has recognized what seems obvious: a deceased plaintiff has no standing to bring a lawsuit.  *Hernandez v. Smith*, 793 F. App'x 261, 265 (5th Cir. 2019) (citing *Armes v. Thompson*, 222 S.W.3d 79 (Tex. App.—Eastland 2006, no pet.) for proposition that an original pleading filed after the named plaintiff has died is "a nullity").  This follows from the rule that a plaintiff may bring a lawsuit only to assert her own legal rights and interests and, as a corollary, "[a]n action must be prosecuted in the name of the real party in interest." *United States v. Johnson*, 632 F.3d 912, 919–20 (5th Cir. 2011); FED. R. CIV. P. 17(a)(1).

Rule 17(a)(3) sets out a process for joinder of the real party in interest in some cases.  In addition, Federal Rule of Civil Procedure 25 permits substitution for a

3

deceased plaintiff when the claim is not extinguished by death.  However, neither Rule 17 nor Rule 25 permits a case to proceed when the plaintiff was deceased *before* the lawsuit was filed.  *See Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969) (holding that Rule 25 substitution is not available if named plaintiff predeceased the filing of the action); *Chaisson v. State Farm Fire* & Cas. Co., No. CV 2:23-2551, 2024 WL 4271555, at *3 (E.D. La. Sept. 23, 2024) (holding that neither Rule 17 nor Rule 25 can cure the jurisdictional deficiency when the plaintiff, "a deceased person, was never a proper party to begin with").  As one district court has noted "a party must have a legal existence in order to bring suit, and the dead lack such legal existence." *Balistreri-Amrhein v. Verrilli*, No. 416CV00112ALMCAN, 2016 WL 11191119, at *2 n.1 (E.D. Tex. Oct. 7, 2016), *report and recommendation adopted*, No. 4:16-CV-112, 2017 WL 726919 (E.D. Tex. Feb. 24, 2017) (citing *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (2003)).

Plaintiff's Response argues that dismissal with prejudice is not appropriate and the Court should permit counsel time to initiate an appointment of an executor and substitution pursuant to Rule 25.  ECF 13.  Plaintiff's Response does not provide any authority for this argument and does not distinguish the authorities cited by Defendant and above.  *See id.*  The Court agrees that dismissal should be without prejudice. *Ruiz v. Brennan*, 851 F.3d 464, 473 (5th Cir. 2017) (holding dismissal for lack of subject matter jurisdiction is properly without prejudice).  However,

4

Jacqueline Bastnagel, who pre-deceased this lawsuit, has no capacity to sue or be sued and has no standing to bring this case.  Bastnagel is the only named Plaintiff.  Therefore, this case must be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.    Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 12) be GRANTED and this case be dismissed without prejudice for lack of subject matter jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 30, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge